1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11   CHRISTINA TRUJILLO                          No. C-09-5179 MMC

12              Plaintiff,                       **ORDER DENYING DEFENDANT'S
                                                 MOTION TO TRANSFER**
13       v.

14   GT USA, INC.,

15              Defendant.
                                              /
16

17          Before the Court is defendant GT USA, Inc.'s motion, filed December 18, 2009, to

18   transfer the above-titled action to the District Court for the Southern District of New York,

19   pursuant to 28 U.S.C. § 1404(a).  Plaintiff Christina Trujillo has filed opposition, to which

20   defendant has replied.  Having considered the papers filed in support of and in opposition

21   to the motion, the Court rules as follows.[1]

22          28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in

23   the interest of justice, a district court may transfer any civil action to any other district where

24   it might have been brought."  28 U.S.C. § 1404(a).[2]  The burden rests with the defendant,

25   who "must make a strong showing of inconvenience to warrant upsetting the plaintiff's

26

27          [1] By Order filed February 24, 2010, the Court took the matter under submission.

28          [2] There is no dispute that the instant action could have been brought in the Southern
     District of New York.

1   choice of forum."  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843

2   (9th Cir. 1986).  "A motion to transfer venue under § 1404(a) requires the court to weigh

3   multiple factors in its determination whether transfer is appropriate in a particular case."

4   See Jones v. GNC Franchising, Inc. 211 F.3d 495, 498 (9th Cir. 2000).  In determining

5   whether a defendant has made the requisite showing, courts have considered the following

6   factors:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3)
> convenience of the witnesses; (4) ease of access to the evidence; (5)
> familiarity of each forum with the applicable law; (6) feasibility of
> consolidation of other claims; (7) any local interest in the controversy; and
> (8) the relative court congestion and time of trial in each forum.

10  See Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009)

11  (citing Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal 2001) (collecting

12  factors)).

13          The Court will address, in turn and if applicable to the instant lawsuit, the above-

14  referenced factors, considering first the private interest factors and then considering the

15  public interest factors relevant to transfer.

16  **A.      Private Interest Factors**

17          **1.      Plaintiff's Choice of Forum**

18          "[G]reat weight is generally accorded a plaintiff's choice of forum."  See Lou v.

19  Belzberg, 834 F.2d 730, 739 (9th Cir. 1987.)  This is "particularly so when the forum chosen

20  is not only the plaintiff's domicile but also has a significant connection with the subject

21  matter of the case."  See Los Angeles Memorial Coliseum Comm'n v. National Football

22  League, 89 F.R.D. 497, 499 (C.D.Cal. 1981); cf. Pacific Car and Foundry Co. v. Pence, 403

23  F.2d 949, 954 (9th Cir.1968) (holding deference to plaintiff's choice not warranted where

24  "operative facts have not occurred within the forum" or where chosen forum "has no

25  particular interest in the parties or the subject matter").

26          Here, the operative facts, i.e., the events giving rise to plaintiff's claims, involve the

27  formation and performance of plaintiff's employment contract.  Defendant contends

28  plaintiff's choice of forum is not entitled to great weight because the operative facts did not

2

1   occur in California, but rather in New York.  The record before the Court includes evidence

2   that, on the one hand, discussions and negotiations respecting the formation of the contract

3   occurred primarily in New York (see Teso Decl. ¶¶ 7; Reich Decl. ¶ 3), and that "all of the

4   sales for which [plaintiff] is seeking a commission, and all major sales presentations and

5   meetings, took place either in New York or in Italy and not in San Francisco" (see Teso

6   Reply Decl. ¶ 3).  On the other hand, however, the record contains evidence that plaintiff is

7   a resident of this district (see Trujillo Decl. ¶ 16); the "Term Sheet" negotiated by the parties

8   describes plaintiffs "Location of Work" as San Francisco (see Trujillo Decl. Ex. A);

9   defendant paid for "basic office equipment, supplies, and internet connection and

10  telephone" for plaintiff's home office in San Francisco (see Trujillo Decl. ¶ 11); plaintiff

11  worked for defendant in the San Francisco Neiman Marcus store (see Trujillo Decl. ¶ 12);

12  and plaintiff's salary was paid in California (see Trujillo Decl. Ex. B).

13         Having considered the evidence submitted by the respective parties, the Court finds

14  operative facts have occurred within the forum and defendant has failed to demonstrate

15  plaintiff's choice of forum is not entitled to deference.

16         Consequently, this factor weighs against transfer.

17         **2.     Convenience of Parties**

18         Each party attempts to characterize the other's financial circumstances and ability to

19  litigate in a distant forum.  The Court is satisfied that each is able to litigate the instant

20  dispute in either California or New York without substantial hardship.  At best, a transfer

21  would serve to "merely shift rather than eliminate the inconvenience."  See Decker, 805

22  F.2d at 843.

23         Consequently, this factor weighs neither in favor of nor against transfer.

24         **3.     Convenience of Witnesses**

25         The convenience of witnesses "is often the most important factor considered by the

26  court when deciding a motion to transfer for convenience."  See Steelcase, Inc. v. Haworth,

27  Inc., 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996).  "In balancing the convenience of the

28  witnesses, primary consideration is given to third party, as opposed to employee

3

witnesses," <u>see</u> <u>Royal Queentex Enters. v. Sara Lee Corp.</u>, 2000 WL 246599, at *6 (N.D. Cal. 2000) and the Court will "consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case," <u>see</u> <u>Steelcase</u>, 41 U.S.P.Q. 2d at 1470.  "In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance."  <u>See</u> <u>Costco Wholesale Corp. v. Liberty Mut. Ins. Co.</u>, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)

        Defendant contends the testimony of non-party witnesses Maria Stratigakis and Edward Reich, both residing in the Southern District of New York (<u>see</u> Reich Decl. ¶ 1; Stratigakis Decl. ¶ 1), will be relevant to issues pertaining to plaintiff's employment contract because both individuals participated in dinner conversation, wherein plaintiff and Carlo Teso, defendant's president, agreed on certain material terms of plaintiff's employment. (<u>See</u> Stratigakis Decl. ¶ 3; Reich Decl. ¶ 3.)  Defendant also contends Edward Reich could testify that he acted as "somewhat of a middleman" during the drafting of plaintiff's employment "Term Sheet."  (<u>See</u> Reich Decl. ¶ 3.)  In response, plaintiff identifies Marlene Verner, Nieman Marcus's San Francisco fur sales manager, as a third-party witness to plaintiff's "job performance."  (<u>See</u> Trujillo Decl. ¶ 12.)  Although defendant argues plaintiff's "sales numbers are not in dispute" (<u>see</u> Reply at 10:21), defendant does dispute plaintiff's contention that she was required by the parties' agreement to relocate to San Francisco and that she performed significant work on defendant's behalf in San Francisco (<u>see</u> <u>id.</u> at 2:11-17), circumstances on which plaintiff relies to support her claim that the "Term Sheet" represents a binding contract.

        Consequently, this factor weighs neither in favor of nor against transfer, or, at best, slightly in favor of transfer.

**4.     Ease of Access to Evidence**

        The parties are in disagreement as to which venue would provide the best access to evidence for trial, and each identifies potentially relevant documents located in the forum preferred by such party.  (<u>See</u> Def's Mot. at 10:26-11:3; <u>see also</u> Trujillo Decl. ¶ 18).

"Given technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden." Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008).  Defendant has not identified any relevant evidence that could not easily be transported to California, and, given the limited scope of the matters in dispute, the Court is satisfied that access to the relevant evidence is not likely to present a significant problem.

Consequently, this factor weighs neither in favor of nor against transfer.

**B.    Public Factors**

**1.   Familiarity with Applicable law**

The parties are in disagreement as to which forum's law would apply to this matter. For claims brought in diversity, such as the instant claims, a federal district court must apply the choice-of-law rules of the state in which it sits.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Under California law, this Court must, at the outset, determine "whether there is a true conflict between the laws of the two jurisdictions on the issue presented by the litigation."  See Waggoner v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1506 (9th Cir. 1993).  "There is no true conflict unless the laws of the two jurisdictions differ and both states have a legitimate interest in having their law apply."  See id.  Here, defendant has not identified any material conflict between the laws of the two relevant forums, and, indeed, states it "is informed that California law does not materially differ [from New York law] on the subject."  (See Reply at 11:24-26.)

Consequently, this factor weighs neither in favor of nor against transfer.

**2.   Court Congestion**

The parties offer no concrete figures with respect to the relative congestion of the dockets in the two districts.  Plaintiff does, however, quote the Southern District of New York's website, which claims that its judges "presid[e] over the highest civil caseload in the country."  (See Opp'n at 10:2-5.)

Consequently, this factor weighs against transfer.

//

5

1

**CONCLUSION**

2          The Court, having considered and weighed the relevant factors, finds defendant has

3  failed to make the requisite showing for transfer of venue under § 1404(a).

4          Accordingly, defendants motion to transfer venue is hereby DENIED.

5

6          **IT IS SO ORDERED.**

7

8  Dated:  March 5, 2010

MAXINE M. CHESNEY
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28